UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO.  08-300

AMEAL PARKER                                SECTION "N" (2)

### ORDER AND REASONS

Presently before the Court are a motion for relief under 28 U.S.C. § 2255 that was filed by Ameal Parker (Rec. Doc. 74) and a motion to dismiss that was filed by the Government (Rec. Doc. 80).  Parker has not filed a response to the Government's motion to dismiss.

In his motion, Parker alleges that he entered a plea, and received ineffective assistance of counsel, because his attorney advised that his "best out was to accept the plea deal or [he] was going to get the death penalty [and] at the time [he] did not know [he] could have contest[ed] her advice[.]"  See Rec. Doc. 74, p. 4.  Considering the parties' submissions and the record in this matter, **IT IS ORDERED** that Parker's motion (Rec. Doc. 74) is **DENIED** and the Government's motion (Rec. Doc. 80) is **GRANTED** for essentially the reasons stated in the Government's supporting memorandum (Rec. Doc. 80-1).

Particularly, although the indictment in this matter charged Parker with killing Supervisor Special Agent Thomas J. Byrne, with malice aforethought, in violation of  18 U.S.C. §§ 1111 and 1114, the indictment did not charge premeditation or any of the other enumerated methods of committing first degree murder.  See 18 U.S.C. §1111.  Thus, as charged, the maximum penalty

Parker faced, if convicted, was imprisonment for life.  See 18 U.S.C. §1111.  Significantly, as reflected in the transcript of Parker's  July 23, 2009 re-arraignment proceeding, the Court twice advised him that the maximum term of imprisonment that he could receive was life in prison and gave him a number of  opportunities to ask clarifying questions. See Rec. Doc. 80-2 at pp. 14-17, 19-23, and 25-26.  Additionally, the plea agreement that Parker signed, and confirmed to the Court that he had read and understood,  also clearly states that the penalty for second degree murder is "any number of years up to life in prison."  See Rec. Doc. 55 at p. 2;  Rec. Doc. 80-2, pp. at 18-20. Accordingly, Parker's claims are without merit and properly dismissed.

New Orleans, Louisiana, this 15th day of January 2014.

**Kurt D. Engelhardt**
**United States District Judge**